## CALLEN v. STATE

[No. 83, September Term, 1963.]

*Decided October 22, 1963.*

The cause was argued before HENDERSON, HAMMOND, HORNEY, MARBURY and SYBERT, JJ.

*Nelson R. Kandel,* with whom were *Morris Lee Kaplan* and *Michael Lee Kaplan* on the brief, for appellant.

*R. Randolph Victor, Assistant Attorney General,* with whom were *Thomas B. Finan, Attorney General, William J. O'Donnell, State's Attorney, Charles E. Moylan, Jr., Assistant State's Attorney,* and *Edward G. Wyatt, Deputy State's Attorney,* on the brief, for appellee.

PER CURIAM.

Appellant, convicted by a jury of the felony murder of a pedestrian on a city street, argues that the evidence was insufficient to show his participation in the attack and robbery which led to the death of the pedestrian and that the trial judge erred to his prejudice when he withdrew from the consideration of the jury the assault and larceny counts of the robbery indictment.

An eyewitness, a neighbor of the victim, testified that two Negro men of the approximate age of the appellant, a Negro, robbed the man, each holding an arm with one hand and rifling pockets with the other. Appellant gave a statement in which he admitted that he was at the scene when the other man (who was convicted in a separate trial) robbed the pedestrian, that he fled with the robber and shared in the fruits of the robbery but denied that he physically participated in the attack. There was sufficient evidence to permit the jury to find that appellant had been one of the two men who committed the robbery.

Appellant concedes that the State could abandon any of the counts on which he was being tried, at any time before the case went to the jury, but contends that here the State did not abandon either the assault or the larceny count but rather that the trial judge did so of his own initiative, and claims that this judicial action erroneously and prejudicially invaded the province of the jury.

The short, and we think complete, answer to this contention is that the record shows that the State did abandon the two counts. In his instructions to the jury the judge, after pointing out that the five counts in the robbery indictment (No. 3787) were respectively, robbery, assault with intent to rob, simple assault, larceny and receiving, said:

"To simplify the matter, you may eliminate from your consideration the third, fourth and fifth counts. It is my understanding the State is not pressing the simple assault count, the third one, nor is the State pressing the fourth count, which is larceny, nor is it pressing the fifth count, which is receiving stolen goods. The issue, therefore, is narrowed down in Indictment 3787 to count one, robbery; count two, assault with

intent to rob, and to Indictment 3786, which is murder." At the conclusion of the charge the State's Attorney said that "the State has no exceptions."

We think it clear that the State did timely abandon the simple assault and larceny counts (appellant concedes that the receiving count was properly abandoned by the State) and that there is, therefore, no basis for the claim appellant makes that the court, on its own, took from the jury an issue it should have decided.

*Judgment affirmed.*